UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN P. DERRY,<br><br>       Plaintiff,<br><br>v.<br><br>T.D. BANK, N.A.,<br>       Defendant. | Civil Action No.<br>23-40109-DHH |

# REPORT AND RECOMMENDATION

**October 23, 2023**

    The undersigned recommends that the instant action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and any appeal be certified as not being brought in good faith. Sean P. Derry ("Derry") is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Under Section 1915, the Court may dismiss a complaint if it determines that the action lacks an arguable basis in law or fact or fails to state a claim on which relief may be granted. *See Neitzke v. Williams,* 490 U.S. 319, 325-328 (1989); 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

    Derry's complaint asserts that he can extinguish a debt through mere presentment to a bank of a "cheque" drawn in the amount of the debt, even though the account against which the check is drawn has insufficient funds to cover such amount. *See* Compl., ECF No. 1. On October 5, 2023, the undersigned ordered Derry to show cause why the action ought not to be dismissed for failure to state a claim upon which relief can be granted and because it is frivolous. Order, ECF No. 7. The Court observed that Derry's complaint did not allege that his checking account had $357,375.80 in funds to cover a check in that amount he mailed to T.D. Bank, N.A.,

in an attempt to satisfy a mortgage loan and forestall foreclosure. Derry alleges he mailed a check for such amount twice. Allegedly, the first check was returned for insufficient funds; the second was "processed," though Derry does not explain what "processing" involved or that actual value was transferred to T.D. Bank, N.A. Derry neither alleged payment of the mortgage loan nor submitted documents showing the same. Therefore, Derry's claim could not succeed as matter of law. Id. In sum, the Court explained to Derry that he cannot succeed on a claim that he paid off the loan obligation with a check written against insufficient funds. Id.

On October 18, 2023, Derry responded to the show cause order with an Affidavit, ECF No. 9, avoiding the issue of whether Derry's account ever held an amount sufficient to cover the two mailings of a check for $357,375.80 intended to satisfy the loan, and claiming instead that the government agreed to pay all debts when it went off the gold standard and that his tender of a check labeled E.F.T., or Electronic Funds Transfer, somehow discharged the mortgage debt.

Derry's response to the show cause order confirms the Court's suspicion that Derry's claim is a frivolous EFT scheme. As the United States District Court for the District of Maryland has described it:

> An "EFT Scheme" is a well-documented financial scam inspired by the misinformation spread by a group called "the Sovereign Citizens movement." Individuals involved in the scheme submit fraudulent checks from closed bank accounts with notations similar to that of [Plaintiff]'s in the hopes that a creditor will be deceived and release the debt without legal recourse. District courts throughout the country repeatedly have denied relief for individuals engaged in this ruse. See, e.g., Stine v. Groff, No. 2:14-CV-235, 2015 WL 5053676, at *6 (D. Vt. Aug. 26, 2015) (identifying multiple district courts that did not accept checks marked as "EFT ONLY FOR DISCHARGE OF DEBT" as valid payment orders).

Cade v. Pepco Holdings, Inc., No. RWT 15-CV-2488, 2016 WL 2939785, at *2 (D. Md. May 19, 2016) (citations omitted). In that case, Cade attempted to pay his electric bill with a check marked "Not for Deposit EFT Only Discharge of Debt." Id. at p. 1. The District Court noted Cade "appear[ed] to be making a practice of flooding the court system with frivolous, and

potentially self-incriminating, litigation." Id. at p. 2.  So it is here:  Derry twice submitted a check bearing the following on the memo line and on the endorsement: "EFT Only For Discharge of Debt."  *See* Compl. Ex. 1 at 3-4, ECF No. 1-1 3-4.  Derry's claim based upon his EFT scheme is frivolous and fails to state a claim upon which relief can be granted.  As *Cade* concluded:

> These payments are not valid, and lawsuits surrounding them harass businesses with the unnecessary burden of defending against these actions in court. The Court will neither be a party to nor will it promote this type of extortionist behavior.

*Cade*, 2016 WL 2939785, at *2.  The bottom line is this: Derry's attempt to deceive a bank into accepting what appears to be a check written against insufficient funds fails to state a claim upon which relief can be granted and is frivolous.

The undersigned therefore RECOMMENDS after screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) that this action be DISMISSED with PREJUDICE as frivolous and for failure to state claim upon which relief can be granted; and that any appeal be certified as not being taken in good faith pursuant to 28 U.S.C. § 1915 (a)(3).[1]  This action is therefore ordered reassigned to a United State District Judge for final approval of this Report and Recommendation.

 /s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604-05 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).